## THE PEOPLE v. CARTAGENA.

### APPEAL from the District Court of Guayama.

No. 443.—Decided June 29, 1912.

CRIMINAL LAW—STRIKING OUT TESTIMONY OF WITNESS—OBJECTION.—A court commits no error in refusing to strike out the testimony of a witness on motion therefor after the witness had been allowed to testify without objection.

ID.—STRIKING OUT TESTIMONY OF WITNESS—WHEN MOTION TO STRIKE OUT TESTIMONY SHOULD BE MADE.—Ordinarily a motion to strike out the testimony of a witness should be made at the time of his testifying if the objection to such testimony is manifest. If the objection is not manifest at the time, the motion should be made immediately after the objection becomes manifest. If the objection is to the competency of the witness, it is too late to move to strike out his testimony after he has finished testifying.

The facts are stated in the opinion.
Mr. Manuel A. Martínez for appellant.
Mr. Charles E. Foote, Fiscal, for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The fiscal of the district of Guayama filed an information against Teodoro Cartagena charging him with the commission of the crime of forgery in having wilfully and maliciously, and with intent to defraud the owner thereof, Olimpio Otero, falsely indorsed a check for $30 and cashed the same. The act is alleged to have taken place in Cayey some day in the month of August, 1911. The check is transcribed in the information, and the manner in which it was forged and cashed by Cartagena is stated therein in detail.

The defendant pleaded not guilty to the information and requested a jury trial, which was held December 21, 1911. Having heard the allegations, the evidence, and the judge's charge, the jury rendered a verdict of guilty, and the court finally, on February 6, 1912, after the defendant withdrew a

motion for a new trial, pronounced sentence condemning him to two years' imprisonment at hard labor. From this sentence the present appeal was taken.

The appellant filed no brief in support of his appeal nor did he appear at the hearing thereof, which was held on the 18th of the current month of June.

A statement of the case wherein the testimony of the witnesses appears forms part of the transcript of the record. Miguel Castro, a witness for the prosecution, testified that he knew the defendant's signature, although not very well. The *fiscal* presented to him a statement made by the defendant and asked the witness if the signature at the foot thereof was that of the defendant. The witness replied that it appeared to be; that he would take it for the signature of the defendant, although he could not state with certainty that it was. The defense moved for the striking from the record of the witness' testimony on the ground that it had not been shown that he was an expert. The court overruled the motion and defendant took exception.

We are of the opinion that the trial court did not commit error in so deciding the question raised, because, in the first place, the defendant moved for the striking of the testimony from the record after permitting the witness, without objection, to testify; and, in the second place, because Miguel Castro was neither introduced as an expert nor testified as such, but merely as a witness who, knowing the signature of a person, is in a condition to say as to whether the signature presented to him is that, or appears to be that, of the aforesaid person.

"Ordinarily a motion to strike out objectionable testimony must be made at the time the testimony is given, if the objection to the testimony is then apparent. If the objection is not then apparent it should be made immediately upon the impropriety of the testimony becoming apparent. The court may properly overrule it if not made until after cross-examination of the witness, after the witness has fully concluded or has been excused from the stand, after other wit-

nesses have been examined, at the close of the party's case or defense, or the conclusion of the evidence, after the close of the case, or after the case has been partly argued, where there is nothing to excuse the delay. If the objection goes to the competency of the witness it is too late to move to strike out after the close of the testimony." (38 Cyc., 1407, 1408.)

Upon the conclusion of the prosecution's evidence the defendant, through his counsel, moved for peremptory acquittal. The court overruled the motion and the defense took exception.

The evidence for the prosecution is sufficient. Olimpio Díaz testified that Luis R. Velázquez gave him a check for $30 drawn by Velázquez in his favor; that he left said check, unindorsed, in the hands of his father; that his name, as it appears on said check, is not written by him. Erasmo Rivera testified that he found an unsigned check on a bench in the public square of Cayey; that he took it to Cartagena, who told him that it was unsigned, and offered to buy it; that he said to Cartagena: "Take it, and if you cash it give me something;" that he then left and heard no more of the check. Pedro Vázquez testified that Erasmo Rivera called at his house to ascertain if a check that he had was good; that on seeing it he replied that it was, but that on looking at the back thereof and finding it was not indorsed he said that he would not give him 5 cents for it. Serafín García testified that Cartagena took the check to him and paid him therewith $10 that he owed him; that the check appeared to him good, so he accepted it and returned $20 to Cartagena; that the signature read "Olimpio Díaz," but that he does not know who signed it. The witness then paid Manuel Castro $11 that he owed him with the check, left for the country, and upon his return found that the police were looking for him. He sent immediately for Cartagena, who called on him and did not deny that he had given him the check, and stated that he had accepted the same at his store from a person unknown to him. Luis E. Luca, corporal of the Insular police,

testified that in the investigation which he made in regard to the check the defendant stated that he had given the check to García, having accepted the same from a person who came to his store and who was unknown to him.

In view of the summing up of the evidence for the prosecution which we have made, it is necessary to conclude, as already stated, that the same is sufficient to establish the guilt of the defendant, and that therefore the district court did not commit error in refusing his peremptory acquittal.

The evidence for the defense consisted of the testimony of the witnesses, Teresa López and María Capela, who stated that they saw Erasmo Rivera come to the defendant's store and give him a check, the latter handing him $30 in return therefor; and of the testimony of a handwriting expert who, upon examination of the name "Olimpio Díaz" appearing on the check and comparison thereof with another "Olimpio Díaz" written by the defendant in the presence of the court, found identities and differences and was unable to affirm anything with certainty.

The evidence submitted finally to the jury, therefore, was contradictory, and as it has not been shown that passion, prejudice, or partiality on the part of said jury existed, nor that it committed any apparent error in rendering its verdict, we must accept that the conflict was decided properly.

Although the appellant did not object to the information and the charge, we have examined them carefully and find them entirely correct.

The appeal cannot be sustained and the sentence appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.